

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 2, 2016

By Hand and ECF

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>   Re:   United States v. Alfredo Hawit et al.
>         Criminal Docket No. 15-252 (S-1) (RJD)

Dear Judge Dearie:

In advance of tomorrow's status conference, the government respectfully submits this letter to supplement its update letters to the Court of July 1 and July 21, 2016.

I.   Status of Defendants

Following the guilty plea of the defendant Brayan Jiménez on July 29, 2016, there are now eight defendants who are scheduled to appear before the Court (personally or through counsel) at tomorrow's status conference. These eight defendants are listed in Table 1 below in order of the dates of their respective arraignments in this district:

Table 1

| Name (Def. No.) | Location | Date of Arraignment in EDNY |
|---|---|---|
| Aaron Davidson (11) | U.S. | May 29, 2015 |
| José Maria Marin (8) | U.S. | November 3, 2015 |
| Juan Ángel Napout (22) | U.S. | December 15, 2015 |
| Eduardo Li (2) | U.S. | December 18, 2015 |
| Héctor Trujillo (20) | U.S. | December 30, 2015 |
| Rafael Esquivel (7) | U.S. | March 8, 2016 |
| Costas Takkas (4) | U.S. | March 22, 2016 |
| Julio Rocha (3) | U.S. | May 18, 2016 |

The government has no new information to report with respect to the status of any other defendant beyond the information set forth in its letter of July 1, 2016.

II.     Discovery

The government continues to produce discovery on a rolling basis, including a production to be sent out today that contains more than three million records, nearly all of which are additional records from the same searches discussed in prior letters.  Based on current data processing estimates, the government hopes to substantially complete the production of the voluminous materials obtained before the April 13, 2016 status conference in the coming weeks, and as early as next month.  The discovery productions also continue to include materials obtained after April 13, including additional bank records received from the Swiss authorities and other materials obtained from cooperating individuals and entities and by other means.  As noted in its previous submissions, and at the last status conference, the government expects to obtain and produce additional such materials as its investigation continues.[1]

III.    Motion Schedule and Trial

The government respectfully submits that, notwithstanding the continuing production of discovery materials, the scheduling framework presented to the Court in the government's letter dated April 11, 2016 remains viable on a modestly extended time frame.  Although the government does not oppose a brief adjournment of the deadline for motions pursuant to Rule 12(b)(3)(A), (B), and (D) of the Federal Rules of Criminal Procedure, it bears emphasizing that these motions were set on an early schedule precisely because they do not require comprehensive review of discovery, and certainly do not require discovery beyond the voluminous productions made to date.  The second round of motions proposed by the government in its April 11 letter would include defense suppression motions, if any; government motions relating to enterprise and other act evidence; and motions from any party relating to jury questionnaires and other aspects of jury selection.  The third round would consist of motions in limine regarding evidentiary issues in advance of trial.  The government believes a spring 2017 trial date is achievable within this framework.  Whatever the Court's determination as to the appropriate timing of the various rounds of briefing, the government respectfully requests that the schedule be uniform as to all parties in the interest in achieving, among other things, judicial economy and a comprehensive approach appropriate for a case of this scope and complexity.

---

[1] As also noted previously, a separate team of attorneys is working to ensure that privileged attorney-client communications, including in connection with the searches discussed in prior letters, are not disclosed as part of the discovery process.  Any records reviewed by that team that require disclosure to the defendants will be disclosed in an appropriate manner and as expeditiously as possible.  The government anticipates making an additional filing later today addressing particular challenges presented by the privilege review of, among other materials, hundreds of thousands of records received in May that were obtained from CONMEBOL headquarters pursuant to an MLAT request to Paraguay.

IV.     Conclusion

        The government will be prepared to address these issues further at tomorrow's status conference.

                              Respectfully submitted,

                              ROBERT L. CAPERS
                              United States Attorney

By:      /s/
                              Evan M. Norris
                              Amanda Hector
                              Samuel P. Nitze
                              M. Kristin Mace
                              Paul Tuchmann
                              Nadia Shihata
                              Keith D. Edelman
                              Tanya Hajjar
                              Assistant U.S. Attorneys
                              (718) 254-7000

cc:     Counsel of record (by ECF)
        Clerk of Court (RJD) (by ECF)