UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                  - against -

ALFREDO HAWIT, *et al.,*

                     Defendants.

-------------------------------------------------------X

**MEMORANDUM & ORDER
DENYING MOTION TO VACATE
DEFERRED DISCLOSURE ORDERS**
15-cr-252 (PKC)

PAMELA K. CHEN, United States District Judge:

Defendant Juan Angel Napout moves to vacate four orders issued by the Court permitting the government to defer disclosure of four search warrants and supporting affidavits until three months before trial, or August 7, 2017[1]. (Def.'s Mot., Dkt. No. 596; Def.'s Mem. of Law, Dkt. No. 596-1.) The four orders are: (1) Dkt. No. 582, dated July 8, 2016; (2) Dkt. No. 580, dated July 18, 2016; (3) Dkt. No. 581, dated July 18, 2016; and (4) Dkt. No. 579, dated April 11, 2017. Napout alternatively asks the Court to "reconsider the set disclosure date" for the search warrants and affidavits. (Dkt. No. 596.) For the reasons discussed below, Napout's motion is denied in its entirety. However, Defendants will have the opportunity following the government's disclosure of the search warrants and affidavits on August 7, 2017, to move to suppress evidence obtained pursuant to those warrants.

**DISCUSSION**

I.     **Procedural History**

On June 22, 2016, the Honorable Robert M. Levy signed and sealed a search warrant to search Napout's two mobile telephones and his iPad (16-MISC-605). Based on an *ex parte* application by the government, the Honorable Raymond J. Dearie signed an order, dated July 8,

---

[1] Trial is scheduled to begin on November 6, 2017; however, August 6, 2017 is a Sunday.

2016, authorizing the deferred disclosure of this search warrant and supporting affidavit until three months before trial.  (Dkt. No. 582.)

On July 11, 2016, the Judge Levy signed and sealed a warrant to search an Apple iCloud account associated with email account "janb107@hotmail.com" (16-MISC-639). On July 14, 2016, Judge Levy signed and sealed a warrant to search the "janb107@hotmail.com" email account itself (16-MISC-658).  Based on an *ex parte* application by the government, dated July 18, 2016, Judge Dearie signed two orders of the same date authorizing the deferred disclosure of these two search warrants and supporting affidavits until three months before trial.  (Dkt. Nos. 580 and 581.)[2]

On March 24, 2017, Judge Levy signed and sealed a warrant to search three additional electronic devices used by Napout before his arrest (17-MISC-271).  On March 28, 2017, the government moved, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for leave to file under seal and *ex parte* an application for an order of deferred disclosure with respect to the March 24, 2017 search warrant and supporting affidavit.  (Dkt. No. 561.)  The Court granted that motion on April 11, 2017.

On April 25, 2017, the Court granted the government's application for an order permitting deferred disclosure of the March 24, 2017 search warrant and affidavit until three months before trial.  (Dkt. No. 579.)

---

[2] According to the government, counsel for Napout and the government are currently engaged in a coordinated privilege review process of the material obtained as a result of the searches of Napout's iPad, and his iCloud and Hotmail accounts.  (Dkt. No. 607 at 3.)

On June 1, 2017, Napout filed the instant motion seeking to vacate all four deferred disclosure orders or, in the alternative, reconsider the disclosure date as to the search warrants and affidavits.  (Dkt. Nos. 596 and 596-1.)

## II. Compelling Governmental Interests Overcome Defendant's Right of Access to Search Warrants and Affidavits

Assuming without deciding that Napout and the other defendants in this case have a qualified right of access to the search warrants and supporting affidavits ("search warrant applications") at issue[3], the Court finds that there exist compelling governmental interests that justify the deferred disclosure of the four search warrant applications until three months before trial, and that this deferred disclosure is narrowly tailored to serve that interest.  *See United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005) (court may close proceedings or seal documents based on specific and on-record findings that closure or sealing "is essential to preserve higher values and is narrowly tailored to serve that interest"); *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995) (in deciding whether to close proceedings or seal documents, court must determine, *inter alia*, "if there is a substantial probability of prejudice to a compelling interest of the defendant,

---

[3] *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980) (First Amendment right of public access to judicial proceedings); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (common law presumptive right of public access to judicial documents); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004) (First Amendment provides public with a "qualified . . . right to attend judicial proceedings and to access certain judicial documents"); Report & Recommendation, *Rinaldi v. City of New York,* No. 13 Civ. 4881, 2014 WL 2579931, at *4 (S.D.N.Y. June 10, 2014), *adopted*, 2014 WL 4626076 (S.D.N.Y. Sept. 15, 2014) ("While the Second Circuit does not appear to have addressed this issue directly, some federal courts 'have recognized a Fourth Amendment right to access warrant materials,' including the warrant itself and the supporting affidavits." (quoting *In re Search Warrants Issued on April 26, 2004,* 353 F. Supp. 2d 584, 587-88 (D. Md. 2004)); *In re Search Warrant*, 16-mc-00464, 2016 WL 7339113, at *2 (S.D.N.Y. Dec. 19, 2016) (recognizing presumptive right to access search warrant applications under First Amendment and common law).

government, or third party" that closure or sealing would prevent).  The Court's finding is based

on the specific, detailed, and non-"speculative"[4] information and reasons provided by the

government in their March 28, 2017 sealed *ex parte* submission (Dkt. 562).  *See* Fed. R. Crim. P.

16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or

inspection, or grant other appropriate relief.  The Court may permit a party to show good cause by

a written statement that the court will inspect ex parte."); *United States v. Amodeo*, 44 F.3d 141,

147 (2d Cir. 1995) (recognizing as interests warranting closure and sealing government's need to

protect integrity of ongoing investigations, including witness safety, and to prevent interference

and obstruction); *Doe*, 63 F.3d at 127 (same); *United States v. Coppa*, 267 F.3d 132, 138-139 (2d

Cir. 2001) (acknowledging delayed disclosure appropriate to protect witness safety and ongoing

investigations); *see also United States v. Madori*, 419 F.3d 159, 171 (2d Cir. 2005) (finding district

court's sealing of government's *ex parte* submission not erroneous where "disclosure of [co-

defendant's] cooperation would have endangered his life").

The Court further finds, based on its review of the search warrants and affidavits, that

releasing redacted versions of those documents, as proposed by Napout (Dkt. No. 596-1 at 15),

would serve no purpose, because it would not enable Napout or the other defendants to determine

whether to move for suppression, given the scope of the redactions necessary to protect the

governmental interests implicated by these documents.  *See United States v. Delia*, 944 F.2d 1010,

1018 (2d Cir. 1991) (pursuant to Rule 16(d)(1), district court has discretion to "limit or otherwise

regulate discovery").

---

[4] (*See* Dkt. No. 596-1 at 9 (Napout arguing that, "[u]nder the government's speculative approach, no search warrant and supporting affidavit would ever need to be disclosed in any case where the government makes a bare assertion of a risk to witnesses or their families . . . .").)

Lastly, the Court finds that the government has demonstrated that its compelling interests are served by the specific postponement requested.[5] Indeed, a longer period may very well be justified, but, as the government recognizes, requiring disclosure three months before trial properly balances the government's compelling interest in the continued sealing of the warrants and affidavits with Napout's equally compelling interest in preparing his defense. For this reason, the Court denies Napout's request to "reconsider" the disclosure date of August 7, 2017.

## III. Napout Will Not Be Prejudiced by the Deferred Disclosure

Napout argues that because the previously set deadline for filing suppression motions was July 7, 2017, the "current sealing of the documents at issue [will prevent] Mr. Napout from exercising his rights under the Fourth Amendment to seek suppression of evidence obtained as a result of searches purportedly authorized by the warrants at issue[.]" (Dkt. No. 596-1 at 14.) While it is true that deferring the disclosure of these documents until August 7, 2017 precludes the filing of motions to suppress by the existing July 7, 2017 suppression motion deadline, that problem is easily remedied by allowing Defendants to move for suppression after the search warrants and affidavits in question are disclosed. Indeed, the government proposes that the Court "add to the current pretrial schedule a deadline for motions to suppress the results of these searches." (Dkt. No. 607 at 10.) Accordingly, Defendants will have until three weeks after the deferred disclosure date of August 7, 2017, *i.e.*, August 28, 2017, to file motions to suppress evidence obtained from the four search warrants and affidavits at issue. The government will have two weeks, or until September 11, 2017, to respond, and replies may be filed by September 18, 2017.

---

[5] (*See* Dkt. No. 616 at 3 (Napout arguing that "[t]he real issue is not whether the government can generally show a danger to witnesses and hindrance of an ongoing investigation as a result of disclosure, but whether the government has specifically shown that shortening the time for disclosure by about six weeks (from August 7 to late June) creates a danger of witness safety or investigation hindrance").)

Unsatisfied with this option, however, Napout asserts that any post-disclosure briefing opportunity will not give him sufficient time to "independently investigat[e] and challeng[e] the claims in the [search warrant] affidavits", and that the "investigation, briefing and subsequent evidentiary hearings for any such motions to suppress would likely continue up until the eve of trial, taking up Mr. Napout's trial preparation time." (Dkt. No. 616 at 7.) The Court disagrees.

First, Napout's assertion that he will need to conduct an extensive post-disclosure "investigation" rings particularly hollow, given that, as Napout knows and as described above, the four search warrant applications all relate to his personal communication devices and accounts. Thus, the information contained in the search warrant affidavits, and the sources of that information, will almost certainly be known to, or readily ascertainable by, him. Furthermore, Napout's purported concern about not having sufficient time to "independently investigat[e] and challeng[e]" the search warrant applications is belied by Napout's own delay in seeking disclosure of the applications. Napout waited over two months after the government filed its motion for deferred disclosure of the search warrant applications and over a month after the Court granted that motion before filing this motion. (See Dkt. Nos. 561, 579, 590.) If Napout truly believed that the August 7, 2017 disclosure of these documents would prejudice his ability to prepare for trial, he would have moved sooner.[6]

Second, Napout's argument assumes that protracted briefing or evidentiary hearings will be necessary to resolve any challenge to the search warrant applications. That assumption, however, is unfounded, given the briefing schedule that the Court has just set and the admissibility

---

[6] It is worth noting that while the disclosure of the search warrant applications themselves will be delayed, the evidence obtained from the warrants is being provided to Napout pursuant to a coordinated privilege review process. *See supra* at footnote 1.

of hearsay evidence at any suppression hearing.  *See United States v. Yousef*, 327 F.3d 56, 145 (2d Cir. 2003).

The Court, therefore, finds that Napout will not be prejudiced by the deferred disclosure of the four search warrant applications.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant Napout's motion to vacate the four orders permitting the deferred disclosure of the four search warrant applications until August 7, 2017.  The Court, however, adds to the current pretrial motion schedule a deadline of August 28, 2017 for Defendants to file motions to suppress based on the search warrants and affidavits and a deadline of September 11, 2017 for the government to respond.  Replies, if any, are due by September 18, 2017.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 14, 2017
       Brooklyn, New York